UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PACIFIC ALMADEN INVESTMENTS, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>WYLMINA E. HETTINGA, et al.,<br><br>                    Defendants. | Case No. C-14-1631-RMW<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND GRANTING MOTION TO WITHDRAW**<br><br>**[Re: Docket Nos. 26, 30, 34, 38, 39, 48]** |

Defendants Scott Raley and Jeanie O'Connor move to dismiss plaintiff Pacific Almaden Investments, LCC's ("PAI") complaint. Dkt. Nos. 26, 34; *see* Dkt. No. 1 ("Complaint"). Cross-complaint defendants Walter Hammon, Travis Krepelka, and Chicago Title Company, along with defendants Scott Raley and Jeanie O'Connor, move to dismiss cross-complainant Wylmina Hettinga's cross-complaint. Dkt. Nos. 30, 34, 39; *see* Dkt. No. 10, cross-complaint ("XC"). Because the court finds that it lacks subject matter jurisdiction over both the complaint and the cross-complaint, the court GRANTS the motions to dismiss and dismisses the complaint and cross-complaint against all defendants.[1]

---

[1] Plaintiff filed a motion for an extension of time to respond to the motion to dismiss the cross-complaint filed by defendants Hammon and Krepelka. Dkt. No. 48. However, because the court finds that it lacks subject matter jurisdiction over the cross-complaint, and because plaintiff had the

ORDER GRANTING MOTION TO DISMISS
Case No. C-14-1631-RMW                                  - 1 -
RDS

Counsel for plaintiff Pacific Almaden Investments, LLC, Jamie Harris, also moves to withdraw. Dkt. No. 38. Harris states that she has been unable to communicate with her client, as her client has not returned her calls or emails since June 2014. *Id*. The court finds this to be a sufficient justification for withdrawal and GRANTS Harris' motion.

## I.  BACKGROUND

This case arises out of cross-complainant Hettinga and defendant Timothy Loumena's state court divorce case, which has been ongoing since 2005. Defendants O'Connor and Chicago Title Company represent in their motion that "Hettinga is a principle [sic] of PAI." The complaint and cross-complaint allege similar facts and claims, all of which are nearly identical to the claim brought by Hettinga in an earlier case in this district against the same defendants. *See* Case No. 13-cv-2217. This court recently dismissed that case for lack of subject matter jurisdiction under *Rooker-Feldman* and declared Hettinga to be a vexatious litigant. *Id*., Dkt. No. 107.

Cross-complainant, who is *pro se*, alleges in the cross-complaint that "[o]n February 27, 2013, [defendant] Kennedy, purporting to be acting under the color of law, fraudulently claimed that Wylmina E. Hettinga, trustee of The Loumena 2000 Revocable Trust Agreement, established the 6th of December, 2000, Wylmina E [sic] Hettinga as an individual, had, for a valuable consideration, receipt of which was acknowledged, granted the Property to Defendants." XC ¶ 30. The cross-complaint further states that "[a]t first glance it appears that Hettinga was acting as a part of the [orchestrated actions of defendants] in order to violate PAI's rights to hold [Hettinga and Loumena's former family residence (the "property")] or receive consideration from it, especially since approximately $200,000 of the proceeds of a subsequent sale of the Property were used to pay off Hettinga's debts, but that is false." *Id*. ¶ 17. The complaint similarly alleges that "[t]he Grant Deed specifically says ***FOR A VALUABLE CONSIDERATION*** which of course PAI received no consideration whatsoever." Complaint ¶ 20 (emphasis in original). According to the Complaint, a grant deed was executed and the property was sold. *Id*. ¶ 21; *see also* XC ¶ 32. The proceeds were then divided among various creditors. XC ¶ 32.

opportunity to respond to identical arguments in at least three different filings, *see* Dkt. Nos. 41, 45, 51, the court DENIES plaintiff's motion.

United States District Court
For the Northern District of California

Documents from the state divorce case reveal that the state court repeatedly ordered that the property be sold, with the proceeds being placed in a trust account.[2] *See* Dkt. No. 34. In an order filed January 23, 2013, the state court wrote:

> This Court previously ordered this property sold on 1 September 2011 (order filed 28 March 2012). Under that Order, Respondent Timothy Loumena was to select the realtor, both parties were to sign any and all necessary paperwork, and the net proceeds were to be placed into an interest-bearing trust account. The Court reiterates and modifies that Order as follows:
>
> (a) The property shall be listed and sold forthwith. The listing agent shall be the individual named on the record by Mr. Loumena – Scott Raley of Customer Service Realty. Mr. Loumena shall be the sole lister of the property.
>
> (b) Mr. Loumena shall work with the realtor to prepare the property for sale and make decisions concerning the appropriate list price, what to do with offers received, and any other necessary elements of the sales process. . . . As to any documents requiring any signatures from Ms. Hettinga, . . . Mr. Loumena shall provide them, and those parties shall promptly sign and return the documents to Mr. Loumena. If three (3) days after presenting the documents, Mr. Loumena has not received the necessary signatures, he may bring the documents to Department 83 for the Court Clerk to sign as elisor on behalf of Ms. Hettinga, . . . .

*Id*. Ex. L. It appears that, pursuant to the January 23, 2013 state court order, Mr. Loumena was required to have the court clerk, defendant Kennedy, sign as elisor on behalf of Hettinga. The complaint alleges that "KENNEDY was not granted any right to transfer PAI's interest in the Property to *Timothy P. Loumena, an unmarried man*." Complaint ¶ 22 (emphasis in original).

Plaintiff and cross-complainant each bring a single claim, for a civil rights violation under 42 U.S.C. § 1983. Plaintiff and cross-complainant's allegations arise directly out of the sale of the property in Hettinga's divorce case. Specifically, plaintiff and cross-complainant assert that the forced sale of the property violated the Fourth Amendment and the Takings Clause of the Fifth and Fourteenth Amendments. Complaint ¶¶ 61-63, 66; XC ¶¶ 35-37, 40. The Complaint names as defendants Hettinga, Timothy Loumena, Hettinga's ex-husband; Pamela Kennedy, the state court clerk; Scott Raley, the court-appointed real estate listing agent; and Jeanie O'Connor, who

---

[2] Defendants Jeanie O'Connor and Chicago Title Company request that the court take judicial notice of various court documents, including several from the state court divorce case. Dkt. No. 34. This motion is GRANTED.

apparently has some relationship with Chicago Title Company. The cross-complaint names as defendants PAI; Loumena; Kennedy; Raley; O'Connor; Chicago Title Company, which was involved in the sale of the property; Walter Hammon, the attorney appointed by the state court to represent plaintiff's children; and Travis Krepelka, Loumena's attorney.

## II.   ANALYSIS

### A.  Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B.  Motions to Dismiss

Defendants argue that the court lacks subject matter jurisdiction over the plaintiff and cross-complainant's claims based on the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026,

United States District Court
For the Northern District of California

1    1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). The *Rooker-Feldman* doctrine

2    precludes not only review of decisions of the state's highest court, but also those of its lower courts.

3    *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the

4    *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction. *Olson Farms, Inc. v.*

5    *Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

6        The *Rooker-Feldman* doctrine applies when a plaintiff in federal court alleges a "de facto

7    appeal" by (1) asserting errors by the state court as an injury and (2) seeking relief from the state

8    court judgment as a remedy. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004). "A

9    federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are

10   'inextricably intertwined' with the state court's decision such that the adjudication of the federal

11   claims would undercut the state ruling or require the district court to interpret the application of state

12   laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008)

13   (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

14       In this case, plaintiff and cross-complainant each bring a § 1983 claim based on the state

15   court's alleged violation of the Fourth, Fifth, and Fourteenth Amendments in ordering and executing

16   the sale of plaintiff's property. Plaintiff and cross-complainant argue that the state court was wrong

17   to order the sale of the family residence and compel the proceeds to be placed in a trust account.

18   Plaintiff and cross-complainant seek relief in the form of monetary damages. Both pleadings also

19   focus on the state court's order requiring the property to be sold and the state court's order

20   distributing the proceeds of the sale to various creditors. Clearly, this is the sort of collateral attack

21   on a state court order contemplated by *Rooker* and *Feldman*. "The *Rooker-Feldman* doctrine,

22   generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the

23   state court's decision." *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002). Here, plaintiff and cross-

24   complainant's § 1983 claims are barred by *Rooker-Feldman*, and the court thus dismisses with

25   prejudice to further filings in federal court plaintiff's complaint and the cross-complaint for lack of

26   subject matter jurisdiction. *Durbin v. Dubuque*, 348 F. App'x 294, 295 (9th Cir. 2009) (ordering the

27   district court to dismiss without prejudice to filing in state court).

28

*United States District Court*
*For the Northern District of California*

### III.  ORDER

        For the foregoing reasons, the court GRANTS defendants' motions to dismiss with prejudice as to further filings in federal court. The court also GRANTS attorney Jamie Harris' motion to withdraw.

Dated: October 1, 2014

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge